IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCO A. WILLIAMS   :

   v.   :   Civil Action No. DKC 15-0606
      Criminal No. DKC 10-0109

UNITED STATES OF AMERICA   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the motion to vacate under 28 U.S.C. § 2255 filed by Petitioner Marco Williams ("Petitioner"), (ECF No. 109), and the motion for leave to file a surreply filed by Respondent United States of America ("Respondent"). (ECF No. 136). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to vacate will be denied and the motion for leave to file a surreply will be granted.

**I. Background**

On February 25, 2013, Petitioner pled guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because Petitioner had prior Maryland convictions for attempted second degree murder, assault with intent to maim, and distribution of cocaine, he was sentenced to

216 months imprisonment as an armed career criminal under 18 U.S.C. § 924(e).

On March 3, 2015, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. (ECF No. 109). Petitioner argues that he does not meet the statutory definition for an armed career criminal because his Maryland convictions for assault with intent to maim and attempted second-degree murder are not violent felonies. (ECF No. 124, at 1-2).[1]

**II. Surreply**

Local Rule 105.2(a) states that, "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." The court may permit a surreply when a party would not otherwise have an opportunity to respond to arguments raised for the first time in the opposing party's reply. *See Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003).

In his reply brief, Petitioner provided a different interpretation of a case that Respondent discussed in its response brief. As the surreply addresses the new legal theory identified for the first time in the reply brief, it will be accepted.

---

[1] Petitioner filed his petition on March 3, 2015, arguing that he was entitled to be resentenced pursuant to *Descamps v. United States*, 133 S.Ct. 2276 (2013). On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S.Ct. 2551 (2015). Petitioner amended his motion to reflect the new rule of law identified in *Johnson*. (ECF No. 117).

2

### III. Procedural Default

Respondent argues that the petition is procedurally barred because Petitioner did not raise the argument on direct appeal. (ECF No. 134, at 2-3). Although Petitioner concedes not raising the argument on direct appeal, Petitioner claims the failure to raise the argument can be excused because of the new rule of law announced in *Johnson v. United States*, 135 S.Ct. 2251 (2015). (ECF No. 135, at 12-13).

For habeas petitions, the general rule is that "claims not raised on direct appeal may not be raised on collateral review[.]" *Massaro v. United States*, 538 U.S. 500, 504 (2003). "The Supreme Court [of the United States] has recognized an equitable exception to the bar, however, when a habeas applicant can demonstrate cause and prejudice[.]" *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). To demonstrate cause, the petitioner must show a reason for a procedural default based "on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). The petitioner must also demonstrate that he suffers "actual prejudice" if his claim is not reviewed. *Brown v. Lee*, 319 F.3d 162, 169 (4th Cir. 2003). The cause and prejudice exception to procedural default is designed "to induce litigants to present their contentions to the right tribunal at

3

the right time." *Massaro*, 538 U.S. at 504 (quoting *Guinan v. United States*, 6 F.3d 468, 474 (7th Cir. 1993)(Easterbrook, J., concurring)).

Petitioner was sentenced as an armed career criminal in 2013. The Armed Career Criminal Act ("ACCA") provides that a person convicted under 18 U.S.C. § 922(g) who has: "three previous convictions . . . for a *violent felony* or a serious drug offense . . . shall be fined under this title and imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1)(emphasis added). In turn,

> "[V]iolent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another ("Force Clause"); or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ("Enumerated Crimes Clause") or otherwise involves conduct that presents a serious potential risk of physical injury to another ("Residual Clause").

18 U.S.C. § 924(e)(1)(B). Despite having declined to do so only four years earlier, in 2015, the United States Supreme Court held the residual clause unconstitutionally vague. *Johnson v. United States*, 135 S.Ct. 2551, 2556-58 (2015). The decision in *Johnson* "was not dictated by precedent existing at the time."

4

*Welch v. United States*, 136 S.Ct. 1257, 1264 (2016)(quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

Prior to *Johnson*, to be a violent, non-enumerated felony, the identified crime only had to have a likelihood of harm. *James v. United States*, 550 U.S. 192, 209 (2007), *overruled by Johnson v. United States*, 135 S.Ct. 2551 (2015)("[Section] 924(e)(2)(B)(ii)'s residual provision speaks in terms of a 'potential risk.' These are inherently probabilistic concepts."). Post-*Johnson*, to be a violent, non-enumerated felony, the "minimum conduct necessary for a violation of the state statute" must "necessarily require[] the use, attempted use or threatened use of 'physical force[.]'" *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016).

Petitioner's argument is that the minimum conduct necessary to sustain the prior Maryland convictions for assault with intent to maim and second-degree attempted murder do not satisfy the force clause. (ECF No. 124, at 4-5). This argument "was not reasonably available to counsel" at the time of sentencing because both offenses contained a probability of harm, and, thus, satisfied the residual clause. *McCarver v. Lee*, 221 F.3d 583, 591 (4th Cir. 2000); *see Sykes v. United States*, 564 U.S. 1 (2011), *overruled by Johnson v. United States*, 135 S.Ct. 2551 (2015)(finding intentional vehicular flight satisfied the residual clause because the ordinary violation of the law would

5

create a risk of injury). Because Petitioner advances a novel argument made possible by a change in the law, Petitioner has demonstrated cause for not raising the claim on direct appeal. *See Mikalajunas*, 186 F.3d at 493.

Petitioner has also demonstrated prejudice. Petitioner's sentence is longer because the two prior offenses were counted as violent felonies. In short, because Petitioner's argument became viable due to the Supreme Court's decision in *Johnson*, Petitioner has demonstrated cause for not raising the argument earlier and prejudice if the argument is not considered. Therefore, the petition is not procedurally-barred. *See, e.g., United States v. O'Shea*, No. 02-10285-MLW, 2017 WL 2701751, at *3-5 (D.Mass. June 22, 2017)(finding the failure to raise on direct review an argument that an offense failed to satisfy the ACCA's force clause excused because of the Supreme Court's decision in *Johnson*); *United States v. Hodges*, 251 F.Supp.3d 1026, 1032 (W.D.Va. 2017)(same); *United States v. Wilson*, 249 F.Supp.3d 305, 315 (D.D.C. 2017)(same); *Carpio v. United States*, 218 F.Supp.3d 1182, 1194-95 (W.D.Wash. 2016)(same).

**IV. ACCA Enhancements**

Under the ACCA, to determine whether a prior conviction satisfies the definition of "violent felony," courts "utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case." *United*

6

States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016). Courts first determine the elements of the offense, and then, for the force clause, determine whether an element of the offense includes "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); *see United States v. Winston*, 850 F.3d 677, 683-85 (4th Cir. 2017)(finding Virginia's common law robbery did not categorically satisfy the ACCA's force clause).

Petitioner contends that although the prior convictions for assault with intent to maim and second-degree attempted murder may have a violent ends, the offenses do not, in all their applications, require the *use* of force as a means to accomplish that ends, and, therefore are not categorically violent felonies. (ECF No. 124, at 5). Respondent responds that to accomplish such an end, force must be employed, and, thus, the prior convictions are violent felonies. (ECF No. 134, at 8-10).

Petitioner's argument relies on the decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012). In *Torres-Miguel*, the Fourth Circuit found that an offense which had as an element "resulting in death or great bodily injury," Cal.Penal Code § 422(a), did not categorically require the use of physical force because an offense "may *result* in death or serious injury without involving *use* of physical force." *Torres-Miguel*, 701

7

F.3d at 168 (emphasis in the original). However, this distinction "between indirect and direct application of force . . . no longer remains valid," *In re Irby,* 858 F.3d 231, 238 (4th Cir. 2017) because, in *United States v. Castleman*, the Supreme Court of the United States made explicit that it did not matter whether an injury resulted from direct or indirect means, so long as an offender caused a violent result, the force *used* was categorically violent. 134 S.Ct. 1405, 1415 (2014); *see United States v. Burns-Johnson*, 864 F.3d 313, 318 (4th Cir. 2017)("*Castleman* abrogates our statement in *Torres-Miguel* that the use of poison would not constitute the use of force[.]"); *United States v. Reid*, 861 F.3d 523, 529 (4th Cir. 2017)("While the holding of *Torres-Miguel* may still stand following the Supreme Court's decision in *Castleman*, its reasoning can no longer support an argument that the phrase 'use of physical force' excludes indirect applications.")

Nevertheless, Petitioner argues that the subsequent cases declaring *Torres—Miguel* abrogated only did so in *dicta*. (ECF No. 135, at 6-10). This is incorrect and irrelevant. In *In re Irby*, the Fourth Circuit was faced with a request to file a successive habeas petition. The petitioner argued that second-degree retaliatory murder was not categorically a crime of violence. To deny the petition in *In re Irby*, the Fourth Circuit necessarily had to conclude that the petitioner's

8

argument lacked merit. To reach this conclusion, the court found that even though no means were specified, the ends specified — the unlawful killing of another — required the use of physical force. This contradicted *Torres-Miguel's* holding that only crimes where the means were identified as physical force could satisfy a requirement that a prior offense have as an element the use of physical force. *In re Irby*, 858 F.3d at 234-38. Moreover, even if the three subsequent decisions declaring *Torres-Miguel* no longer viable only did so in *dicta*, the cases would still be persuasive authority for the proposition that *Castleman* abrogated *Torres-Miguel*, and this court would still be bound to follow the Supreme Court's decision in *Castleman*.

Thus, to qualify as a violent felony pursuant to the ACCA's force clause, an offense must have as an element the use of "violent force — that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). The determination of whether an offense includes as an element "violent force" requires an examination of the amount of harm caused by an offense and not the method or manner of creating that harm. *See In re Irby*, 858 F.3d at 238. A force capable of causing serious harm is a violent force, regardless of whether it is done through indirect means such as "employing poison" or through direct means "as

with a kick or punch[.]" *Castleman*, 134 S.Ct. at 1415 (2014); *see In re Irby*, 858 F.3d at 238. In making this inquiry, courts "must focus on the 'minimum conduct criminalized' by state law, including any conduct giving rise to a 'realistic probability, not a theoretical possibility' that a state would apply and uphold a conviction based on such conduct." *Winston*, 850 F.3d at 684 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

### A. Attempted Second Degree Murder

Under Maryland law, to be convicted of attempted second-degree murder, a person must "harbor[] a specific intent to kill the victim and [have] taken a substantial step toward killing the victim." *Harrison v. State*, 382 Md. 477, 489 (2004). In *In re Irby*, the Fourth Circuit faced the question of whether a conviction for second-degree retaliatory murder under federal law, 18 U.S.C. § 1111(b), was categorically a crime of violence pursuant to 18 U.S.C. § 924(c). There, an element of second-degree retaliatory murder was a "killing of a human," 18 U.S.C. § 1111(a), and 18 U.S.C. § 924(c)(1)(A) enhanced the sentence for a conviction for any crime of violence defined as an offense an element of which was "the use, attempted use, or threatened use of physical force[.]" Comparing the elements of the offense with the statutory requirement, the court found the two were a categorical match because "one cannot unlawfully kill another

10

human being without a use of physical force capable of causing physical pain or injury to another[.]" *Id.* at 238.

Here, Maryland attempted second-degree murder has, as an element, the attempted killing of another. *See Thornton v. State*, 397 Md. 704, 721-22 (2007). For the purposes of the ACCA, an offense is a violent felony if it "has as an element the . . . attempted use . . . of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Thus, the offense of conviction satisfies the statutory definition of "violent felony" because attempting to "unlawfully kill[] another human being requires the use of force capable of causing physical pain or injury to another person." *In re Irby*, 858 F.3d at 236 (internal quotation marks omitted).

Even if the Fourth Circuit's decision in *In re Irby* did not require finding murder to be a crime of violence, it appears that no court has found otherwise, and "it goes against common sense to hold otherwise." *United States v. Love*, No. 15-20098-JAR, 2017 WL 4123301, at *12 (D.Kan. Sept. 18, 2017)("The parties do not cite nor is the Court aware of any court, district or appellate level, holding murder is not a violent felony."); *see, e.g., United States v. Baez-Martinez*, No. 12-281 (JAG), 2017 WL 2954621, at *3 (D.P.R. June 29, 2017)("The conduct element of second degree murder — the unlawful killing of a human being — necessarily requires physical force."); *Young*

11

*v. United States*, No. 15-2575-STA-tmp, 2016 WL 8711562, at *5-6 (W.D.Tenn. Dec. 16, 2016)(holding second-degree murder was categorically a crime of violence for ACCA purposes); *United States v. Moreno-Aguilar*, 198 F.Supp.3d 548, 554 (D.Md. 2016)(holding that murder was a crime of violence for ACCA purposes). Maryland attempted second-degree murder is categorically a violent felony.

### B. Assault with Intent to Maim

Petitioner argues that Maryland assault with intent to maim does not categorically pertain to a violent felony because "Maryland assault requires an offensive touching – not violent physical force." (ECF No. 124, at 11). Respondent argues, "Assault with the conscious and purposeful design to accomplish the maiming of the victim necessarily requires the intentional use or attempted use of physical force." (ECF No. 134, at 6).

The Maryland offense of assault with intent to maim was a statutory felony which occurred when a person committed an assault with the "specific intent to permanently maim, disfigure, or disable such person[.]'" *Ford v. State*, 330 Md. 682, 701 (1993); Md.Code Ann., art. 27 § 386 (1982 Repl.).[2] The offense combined the common law offenses of maiming and disfigurement. *Hammond v. State*, 322 Md. 451, 456-59 (1991). At common law, maiming was defined as "bodily hurt, or the

---

[2] This statute was repealed in 1996.

infliction thereof, whereby a man is deprived of the use of any member of his body or any sense which he can use in fighting, or by the loss of which he is generally and permanently disabled," whereas disfigurement included serious, permanent injuries such as the removal of an ear or nose which would not undermine the body's "efficacy in battle." *Id.* at 456, 458. The Maryland legislature's combination of the offenses reflected "the emphasis in modern times . . . on the completeness and integrity of the body[.]" *Id.* at 458. Acts that supported a conviction for an assault with intent to maim included lighting a child's shirt on fire, stabbings, removing eyes and ears, and shootings. *State v. Jenkins*, 307 Md. 501 (1986)(upholding a conviction for assault with intent to maim when the defendant shot the victim in the leg); *Marks v. State*, 230 Md. 108 (1962)(upholding a conviction for assault with intent to maim when a man put a match to his son's shirt); *Williams v. State*, 100 Md.App. 468 (1994)(upholding a conviction for assault with intent to maim when the defendant stabbed the victim twice); *Bryant v. State*, 83 Md.App. 237 (1990)(reversing on other grounds a conviction for assault with intent to maim when a defendant stabbed his victim, cut off part of an ear, and removed an eye).

To sustain a conviction for assault with intent to maim, the state would have needed to show that the actor's object in committing the assault was to have the victim "linger on . . .

in a disabled or disfigured condition." *Jenkins v. State*, 59 Md.App. 612, 618 (1984), *aff'd in part*, *rev'd in part*, 307 Md. 501 (1986). Because a "disabled or disfigured condition," *id.*, is a physical injury, in all its applications, assault with intent to maim requires a force "intended to cause bodily injury, or at a minimum likely to do so." *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)(Easterbrook, J.).

Moreover, assault with intent to maim was "the inchoate form of intent-to-commit-grievous-bodily-harm murder." *Glen v. State*, 68 Md.App. 379, 390 (1986). In other words, it was another type of attempted murder. *See Thornton v. State*, 397 Md. 704, 714 (2007). Attempted murder categorically requires the use of violent force. *In re Irby*, 858 F.3d at 237. Thus, assault with intent to maim is a violent felony. *See* 18 U.S.C. § 924(e)(1)(i).

**V. Conclusion**

For the foregoing reasons, the motion to vacate pursuant to 28 U.S.C. §2255 filed by Petitioner Marco Williams (ECF No. 124) will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's

14

earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). Where a motion is denied on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Upon review of the record, the court finds that Petitioner does not satisfy the above standards. Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.

A separate order will follow.

/s/  
DEBORAH K. CHASANOW  
United States District Judge